IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL LEE HICKS,                    *

Plaintiff                             *

v                                     *          Civil Action No. ELH-12-1422

LEON CRUMP, et al.,                   *

Defendants                            *
                                    ***

## MEMORANDUM

Pending is a motion for summary judgment filed by the self-represented plaintiff in his civil rights action under 42 U.S.C. § 1983.[1]  ECF No. 25.  Defendants have responded, and have submitted numerous exhibits, including affidavits, in support of their opposition.[2]  ECF No. 35. Plaintiff has filed a reply.  ECF No. 36.  Upon review of the parties' submissions, the court finds that no hearing is necessary to resolve the motion.  *See* Local Rule 105.6 (D. Md. 2011).

### Background

Plaintiff alleges that on April 8, 2012, while he was housed as a Maryland State pretrial detainee at the Washington County Detention Center and handcuffed, in leg irons, and under escort, defendant Robert Grove, a deputy sheriff, brutally assaulted him, without provocation, by dragging him to the booking office, slinging him into the arm of a wooden chair, and then striking him with his fist 10-15 times.  ECF No. 1.  Plaintiff also states that while he was being assaulted by Grove, defendant Samuel Younker, Jr., another deputy sheriff, joined in by kicking

---

[1] Plaintiff has filed a Motion for Summary Judgment (ECF No. 25) and Motion to Admit Discovery in support of the motion.  ECF No. 26.  The Motion to Admit Discovery shall be granted in so far as the court has reviewed the evidence submitted by plaintiff.

[2] Defendants' Motion for Extension of Time (ECF No. 28) to respond to plaintiff's dispositive motion is granted nunc pro tunc.

plaintiff several times in his head and ribs.  He also complains that defendant Darryl Long, also a deputy sheriff, did not intervene to stop the assault.  *Id*.  As a result of the attack, plaintiff claims that he suffered a deep cut on his forehead which left a scar, his nose was broken, and he suffered numerous other physical injuries.

Defendants' version of events differs materially.  Defendants maintain that plaintiff verbally threatened them, physically resisted their attempts to escort, attempted to swing at Grove with his handcuffs, and then spat at the officers and attempted to bite Grove.  ECF No. 35, Ex. 1 (Washington County Sheriff's Office Administrative Investigation Report).  Defendants also claim that plaintiff kicked Grove's leg and grabbed Grove's uniform shirt.  *Id*.  According to defendants, their response to plaintiff was necessary to restore discipline and to protect their own safety.  Specifically, Grove avers that he did not strike plaintiff 10-15 times as alleged and that his application of force was a good faith effort to restore order in response to plaintiff's assault upon him.  *Id*., Ex. 15.   Grove, Younker, and Long aver that plaintiff sustained injury as he was taken to the ground in an effort to restrain his aggression.  Plaintiff grasped Groves's uniform shirt and attempted to pull Grove, whereupon Grove punched plaintiff twice in the face in self-defense.  *Id*., Ex. 15, 16, 17 (affidavits of Grove, Younker, and Long, respectively).    Younker denies that he kicked plaintiff in the head and ribs as alleged.  *Id*., Ex. 16.

## Standard of Review

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part:  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion.  By its terms, this standard provides that the mere existence of *some* alleged factual dispute between the

parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). In resolving the motion, the court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility. *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002). Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the " 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration

pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)).

Notably, "'Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery.'" *Hamilton v. Mayor & City Council of Baltimore*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (quoting *Young v. UPS*, No. DKC-08-2586, 2011 WL 665321, at *20, 2011 U.S. Dist. LEXIS 14266, at *62 (D. Md. Feb. 14, 2011)). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A non-moving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

If a non-moving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods,* 302 F.3d at 244 (citations omitted). But, the non-moving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for

4

summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted). According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244-45 (internal citations omitted).

Defendants have not filed an affidavit under Rule 56(d). Instead, they have submitted exhibits and affidavits, vigorously controverting plaintiff's version of the events.

## Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a federal constitutional right or a right secured by federal law. *See Baker v. McCollan*, 443 U.S. 137 (1979).

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."[3] *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). Notably, the absence of

---

[3]As noted, at the relevant time, plaintiff was a pre-trial detainee. Pre-trial detainees are protected by the Due Process Clause of the Fourteenth Amendment, while convicted prisoners are protected by the Eighth Amendment's prohibition on cruel and unusual punishment. *See Bell v. Wolfish*, 441 U. S. 520, 535 n.16 (1979). However, the legal standard for the type of claim presented here, *i.e.*, excessive force, is essentially the same, regardless of the status of the person in custody. *See Taylor v. McDuffie*, 155 F.3d 479, 483 (4th Cir. 1998).

significant injury alone is not dispositive of a claim of excessive force.  *See Wilkens v. Gaddy*, 559 U.S. 34, (2010).  The extent of injury incurred is one factor indicative of whether the force used was necessary in a particular situation.  But, if force is applied maliciously and sadistically, liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Wilkens,* 559 U.S. at 38.  As the Court noted in *Wilkens*, the issue is the nature of the force, not the extent of injury.

Plaintiff alleges that he was repeatedly assaulted by defendants while handcuffed and in leg irons.  Defendants maintain that plaintiff was verbally and physically threatening toward them, attempting to strike, spit, and bite them.  They maintain that all force used was in an effort to secure plaintiff and maintain order.  Clearly, the central facts of the case remain in dispute. Whether plaintiff was assaulted as alleged remains in dispute, as do the facts surrounding the need for force, the amount of force used, and whether the application of force used to subdue plaintiff was tempered. Such factual issues can "be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," and thus, summary judgment is inappropriate.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 250 ("Credibility determinations…are jury functions, not those of a judge….").  Accordingly, summary judgment is denied.

In light of the foregoing, plaintiff's motion for appointment of counsel (ECF No. 23) shall be granted.

July 11, 2013 _____                        /s/_____
Date                                                    Ellen L. Hollander
                                                            United States District Judge