IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL LEE HICKS  *
Plaintiff,

v.  *  Civil Action No. ELH-12-1422

ROBERT LESTER GROVE, *et al.*  *
Defendants.

* * * * * * * * * * * * *

DARRELL LEE HICKS
Plaintiff,  *

v.  *  Civil Action No. ELH-13-2592

LT. D. MOORE, *et al.*
Defendants.  *

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Pending before the Court is defendants' Motion to Consolidate Cases ("Motion," ECF 54 in ELH-12-1422), filed on January 17, 2014. The first of the cases that defendants seek to consolidate was filed on May 10, 2012, by plaintiff Darrell Lee Hicks, who is currently an inmate at the Eastern Correctional Institution in Westover, Maryland (the "2012 Action"). ECF 1 in ELH-12-1422. In his Complaint, Hicks alleged that Deputy First Class Robert Lester Grove and Deputy First Class Samuel Lee Younker, Jr. assaulted him on April 8, 2012, while he was a pretrial detainee at the Washington County Detention Center ("WCDC"), and that Sergeant Robert Long failed to respond reasonably to the assault. *Id.* Through counsel appointed by the Court,[1] Hicks amended his complaint on January 15, 2014.

---

[1] *See* ECF 45, ECF 48 in ELH-12-1422.

The Amended Complaint named WCDC as an additional defendant and included nine Counts: (1) violation of the Due Process Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 as against the WCDC; (2) violation of the Maryland Constitution as against the WCDC; (3) a state law claim of negligent supervision and/or retention as against the WCDC; (4) a state law claim of respondeat superior as against the WCDC; (5) violation of the Due Process Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 as against Defendants Grove and Younkers; (6) violation of the Maryland Constitution as against Defendants Grove and Younkers; (7) a state law claim of battery as against Defendants Grove and Younkers; (8) violation of the Due Process Clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 as against Defendant Long; and (9) violation of the Maryland Constitution as against Defendant Long.

The second case was filed by Hicks on September 5, 2013 (the "2013 Action"). ECF 1 in ELH-13-2592. Hicks, who is self-represented in the second case, alleged that, in the period just prior to and just after the alleged assault that formed the basis of the 2012 Action, he was deprived of drinking water while he was held in solitary confinement as a pretrial detainee at WCDC. ECF 1 in ELH-13-2592. The defendants in the 2013 Action are Lieutenant D. Moore, Lieutenant Hose, Lieutenant E. Long, Officer G. Sell, and Major Martin V. Evans. *Id.*[2]

On January 17, 2014, the defendants in both actions moved to consolidate Mr. Hicks' two claims for purposes of discovery and trial. *Id.* Mr. Hicks, through his assigned counsel in the 2012 Action, filed a Response in Opposition to the Motion to Consolidate. ("Opp.," ECF 56 in

---

[2] In his Complaint, Mr. Hicks also re-asserted the same claims against Grove, Younker, and Long that he had asserted in the 2012 Action. Accordingly, I dismissed those claims as duplicative of those in the 2012 Action. ECF 3. Further, WCDC was named as a defendant, but I dismissed the claim against WCDC under Fed. R. Civ. P. 12(b)(6). *Id.*

ELH-12-1422). Defendants did not file a reply. For the reasons that follow, I will deny defendants' motion to consolidate.

## Discussion

The Federal Rules of Civil Procedure allow federal district courts to consolidate multiple actions when the claims "involve a common question of law or fact." Fed. R. Civ. P. 42. District courts have broad discretion in deciding whether to consolidate cases pending in the same district. *Dring v. Faust*, 2013 WL 657638, at *1 (D. Md. Feb. 21, 2013) (citing *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 192 (4th Cir. 1982)). In exercising their discretion under Rule 42, "courts should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause to the parties." *Joe Hand Promotions, Inc. v. Dock St. Enterprises, Inc.*, 2011 WL 6141058, at *2 (D. Md. Dec. 8, 2011) (internal quotation marks omitted). The moving party bears the burden of showing that consolidation is preferable to separate trials. *Id.*

Here, defendants offer five reasons they believe justify consolidation. First, "both cases arise from the same period of Plaintiff's detention at the Washington County Detention Center." Motion at 1. Second, both cases involve the same plaintiff. *Id.* Third, the named defendants were all employed by the Sheriff's Office in Washington County during the times at issue. *Id.* Fourth, "the substance of the Plaintiff's Complaints are similar or overlapping, with allegations of mistreatment and deliberate dehydration alleged in each matter." *Id.* Fifth, that consolidation would be "in the best interests of justice and judicial efficiency." *Id.* The Motion is sparse; it contains no factual or legal analysis beyond these five statements.

With regard to defendants' first three arguments, defendants are correct that the two actions arose from the same period of pretrial detention, involve the same plaintiff, and are

3

brought against defendants with a shared employer. However, these similarities are superficial at best, and they do not mandate the conclusion that the two actions involve a "common question of law or fact," as required by Fed. R. Civ. P. 42. Indeed, the claims in the two cases arise from distinct events, allege different types of conduct, and are asserted against different individual defendants.

Defendants' fourth point, that the substance of the complaints are similar, is equally unpersuasive. The core issue in the 2012 Action is whether an alleged assault violated the Due Process Clause of the Fourteenth Amendment, which will require, *inter alia*, an inquiry into "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In contrast, the 2013 Action concerns conditions of confinement, *i.e.*, whether the Due Process Clause of the Fourteenth Amendment was violated when the detainee was denied access to fresh water. As such, although both claims arose from Mr. Hicks's detention at WCDC, the substance of the claims involves markedly different allegations, facts, and legal issues, and thus cannot be considered similar for purposes of consolidation.

Lastly, defendants fail to support their claim that consolidation would further the interests of justice and judicial efficiency. *See Engler v. Harris Corp.*, 2012 WL 5193818 at *6 (D. Md. Oct. 18, 2012) ("[I]t is unclear whether a single consolidated trial would take less courtroom time than separate trials, especially given that Plaintiffs' claims all stem from different sets of facts."). In my view, consolidation is not likely to reduce discovery, as different sets of facts are at issue, and any time saved through consolidation may be outweighed by the unwieldiness of a single action encompassing distinct facts, evidence, and theories of liability. Moreover, even

4

without formal consolidation, the parties can schedule depositions such that any witness with information relevant to both cases is deposed only once. And, to save the parties and the witnesses the time and expense of conducting separate depositions, and to avoid establishing the same background facts twice—such as a witness's personal information, educational background, and employment history—I will require a single deposition of those witnesses with knowledge of facts pertinent to both cases.

## Conclusion

Defendants have not met their burden to show that consolidation is preferable to allowing the two cases to proceed separately. Accordingly I will deny the Motion. However, I will do so without prejudice to a renewed motion in the event that discovery reveals that the two cases in fact share a common factual or legal basis.

Date: February 25, 2014                             /s/
                                           Ellen Lipton Hollander
                                           United States District Judge